# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CASE NO. 5:19-cv-142-D

YAQUELIN MEDINA,

    Plaintiff,

v.

WESTDALE BRENTMOOR, LLC d/b/a BRENTMOOR APARTMENTS, WESTDALE PROPERTIES AMERICA I, LP a/k/a WESTDALE PROPERTIES AMERICA I, LTD., and WESTDALE ASSET MANAGEMENT, LIMITED PARTNERSHIP a/k/a WESTDALE ASSET MANAGEMENT, LTD,

    Defendants.

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, EXPENSES AND SERVICE AWARD

THIS MATTER comes before the Court upon Plaintiff Yaquelin Medina's ("Plaintiff") unopposed motion for final approval of class action settlement and approval of Class Counsel's attorneys' fees, reimbursement of expenses and a service award pursuant to the Settlement Agreement entered into with Defendants Westdale Brentmoor, LLC d/b/a Brentmoor Apartments, Westdale Properties America I, LP a/k/a Westdale Properties America I, Ltd., and Westdale Asset Management, Limited Partnership a/k/a Westdale Asset Management, Ltd.

1

("Defendants") dated November 16, 2020 (the "Settlement Agreement") in the above-captioned matter ("the Settlement").

On May 14, 2021, the Court held a hearing and was satisfied as to the fairness, reasonableness, and adequacy of the Settlement, and the fairness and reasonableness of the fees, expenses, and service awards provided herein. Therefore, having considered the supporting materials submitted to the Court which includes the Affidavits and supporting memorandum, discussions with counsel during the hearing, and other appropriate matters of record, concludes that good cause exists to grant Final Approval of the Settlement. Therefore, the Court GRANTS Final Approval, APPROVES the Settlement, APPROVES the attorneys' fee award, APPROVES reimbursement of expenses, and APPROVES the Service Award Request to the named Plaintiff. The grounds supporting these rulings follow.

## BACKGROUND

1. Plaintiff filed a putative class action on February 28, 2019, on behalf of herself and those similarly situated against Defendants Westdale Brentmoor, LLC d/b/a Brentmoor Apartments, Westdale Properties America I, LP a/k/a Westdale Properties America I, Ltd., and Westdale Asset Management, Limited Partnership a/k/a Westdale Asset Management, Ltd. ("Defendants"). [DE 1-1].

2. Plaintiff alleged Defendants violated N.C.G.S. §§ 42-46 and 75-54 *et seq.* by automatically assessing tenants three fees for filing an eviction: (1) a $96.00

eviction complaint filing fee ("Filing Fee"), (2) a $30.00 service fee ("Service Fee"), and (3) an attorneys' fee ("Attorneys' Fee") (collectively, "Eviction Fees"). Plaintiff sought monetary, equitable, and injunctive relief on behalf of the classes for violating the North Carolina Residential Rental Agreements Act (N.C.G.S. § 42-46), the North Carolina Debt Collection Act (N.C.G.S. § 75-50, *et seq.*), and the North Carolina Unfair and Deceptive Trade Practices Act (N.C.G.S. § 75-1.1, *et seq.*). *Id.*

3. Defendants removed the case to this Court on April 10, 2019. [DE 1].

4. On May 17, 2019, Defendants filed motions to dismiss Plaintiff's suit, arguing, *inter alia*, charging and collecting Eviction Fees was lawful. [DE 18, 20].

5. On July 5, 2019, Plaintiff amended her complaint to add a claim for negligent misrepresentation. [DE 24].

6. On August 18, 2019, Defendants moved to dismiss Plaintiff's amended complaint. [DE 26], Plaintiff responded. [DE 31].

7. On February 3, 2020, the Court granted Defendants' Motion to Dismiss on all causes of action in the Complaint, finding that the Amendment was clarifying. [DE 34 at 11-13.], entering judgment for Defendants. [DE 35]. Plaintiff filed a timely Notice of Appeal. [DE 36].

8. On appeal, the Parties engaged in informal discovery, including exchanging voluminous records.

9. On May 13, 2020, the parties participated in a mediated settlement conference with respected mediator Judge Doug McCullough. *Harris Decl* [DE 44-1 at ¶16-18]. The parties had a second mediation with Judge McCullough on September 9, 2020. Id. At this mediation, the parties reached an agreement on all material terms and then formalized their agreement into the Settlement Agreement. *See* [DE 44-1].

10. In Order dated December 28, 2020, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the Settlement Classes. [DE 45].

11. Pursuant to the plan approved by the Court, notice was disseminated to the classes.

12. Any exclusions or objections were to be submitted by April 11, 2021, and the Fairness Hearing was scheduled for May 14, 2021. Id.

13. Section 1715(b) of the Class Action Fairness Act of 2005 requires settling defendants to serve upon the appropriate federal and state officials a specified group of documents describing the settlement. Pursuant to section 1715(d), final approval cannot be issued earlier than 90 days after notice is given under section 1715(b). Here, the Settling Defendants served the necessary documents upon all appropriate officials on or about February 9, 2021. This Order is signed at least 90 days after Defendant served the documents, and no regulator has notified the

Court of any concerns with the settlement in the intervening time. The Court therefore finds that Defendant is in full compliance with the Class Action Fairness Act, 28 U.S.C. § 1715.

## SETTLEMENT TERMS

14. The settlement provides significant benefits to two classes: the Collection Letter Class and the Eviction Fee Class.

15. Collection Letter Class members are defined as all natural persons who (a) at any point between February 28, 2015 and June 25, 2018, (b) resided in any of the properties in North Carolina owned, operated and/or managed by one or more Defendants and (c) were sent a Collection Letter. *See* [DE 45, p.2].

16. A Collection Letter is defined as any letter sent by Defendants to Settlement Class members during the Relevant Time Period that asserts that Settlement Class Members will either (a) be charged with Eviction Fees upon the filing of a summary ejectment action or (b) that Eviction Fees are owed. Exemplar Collection Letters are attached to the settlement agreement as Exhibits A-D. *See* [DE 44-1].

17. The Eviction Fee Class is defined as all natural persons who (a) at any point between February 28, 2015 and June 25, 2018, (b) resided in any of the properties in North Carolina owned, operated or managed by one or more

Defendants and (c) were charged and (d) actually paid Eviction Fees. *See* [DE 45, p.2].

18. The Settlement Agreement provides Monetary Relief and/or Non-Monetary Relief. Monetary Relief is comprised of $1,502,900.00 in cash and $339,137.00 in Debt Relief for a total of $1,842,037.00 in Monetary Relief. [DE 44-1, pp.41-44].

19. Debt Relief consists of the total amount owed by Eviction Fee Class members to Defendants at the time they vacated their apartments, including but not limited to rent, fees, costs, expenses, damages, and charges. *Id.*

20. The Non-Monetary Relief consists of the Set Asides and Dismissals, which will allow any member of the Settlement Class against whom a judgment for possession at one of Defendants' Properties was obtained by Defendants or its affiliates during the Class Period to remove such judgment from his or her record. *Id.*

21. Collection Letter Class members were eligible to receive both Monetary Relief and Non-Monetary Relief. Collection Letter Class members could claim $50 for each Collection Letter received from Defendants, up to a total of $150. Collection Letter Class members were also eligible to request the Non-Monetary Relief. Collection Letter Class members' benefits were available on a claims-made basis. Id.

22. The Settlement Agreement allotted $50,000.00 in Monetary Relief to claims made by the Collection Letter Class Members. If the amount allotted to the Collection Letter Class was undersubscribed, then any amounts remaining would be redistributed equally to the Eviction Fee Class Members.

23. Based upon the claims received by the Settlement Administrator and subject to confirmation that there are no duplicates, the Collection Letter Class members have made claims for approximately $11,000.00 of the $50,000.00 allotted. Therefore, the remaining amount of approximately $39,000.00 will be allocated to the Eviction Fee Class. Eviction Fee Class members are also eligible to receive both Monetary Relief and Non-Monetary Relief.

24. Eviction Fee Class members were expected to receive approximately $485.00 for being charged and paid Eviction Fees during the Class Period. Since there were less claims for the Collection Letter Class members, the Eviction Fee Class Members will now receive over $500.00 for being charged and paid Eviction Fees. This money will be provided to the Eviction Fee Class members without having to file a claim and they will receive Debt Relief for any amounts they owed to Defendants.

25. In addition, the Settlement allowed Settlement Class members to freely request the Non-Monetary Relief, which allows the claimant to receive *Consent*

*Motions to Set Aside Judgment for Possession Pursuant to Rule 60(b)(5)* and *Stipulations of Dismissal*, (the "Set-Aside and Dismissal").

26. Obtaining a Set-Aside and Dismissal would generally cost a tenant between $1,000.00 and $2,000.00 if a private attorney was retained to handle it individually.

27. According to the Claims Administrator, 30 class members requested a Set-Aside.

28. As defined in the Settlement Agreement and used herein:

   a) "Released Persons" means Defendants, along with its parent companies, lenders, insurers, investors, affiliates, suppliers, successors, assigns, subsidiaries, related entities and trustees and/or beneficiaries of trusts which have an interest in the above referenced company; and/or any current, past or future owners, members, directors, officers, employees, attorneys, accountants, direct and indirect shareholders, partners, members, or agents of the foregoing, as well as any and all entities with a current interest in any apartment complex in which any Settlement Class Member resided to the extent such apartment complex was owned or managed by Defendants during the Relevant Time Period;

b) "Released Claims" means any and all claims, demands, actions, allegations, suits, causes of action, theories of liability, damages whenever incurred, and the liabilities of any nature whatsoever, including costs, expenses, restitution, punitive damages, exemplary damages, compensatory damages, incidental damages, pecuniary damages, fines, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, whether past, present or future, in law or in equity, in tort or in contract, that Class Releasors, whether or not they object to this Settlement or make a claim upon or participate in the Settlement, ever had, now has, or hereafter can, shall, or may have, directly, indirectly, representatively, derivatively, or in any capacity, arising out of or relating in any way to the charging, threatening to charge, collecting, or attempting to collect Eviction Fees or any Outstanding Debt; and

c) "Class Releasors" means each Settlement Class Member, as well as each Settlement Class Member's predecessors, successors, heirs, executors, trustees, legal representatives, administrators, agents and assigns.

## APPROVAL OF CLASS NOTICE

29. The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declaration of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's directive.

30. The Court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of North Carolina Rule of Civil Procedure 23, due process and applicable law, and it is further determined that all members of the Settlement Class are bound by the Order and Final Judgment herein.

## APPROVAL OF THE SETTLEMENT

31. The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with North Carolina Rules of Civil Procedure 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval.

32. The Court has considered the complexity, expense and likely duration of the litigation if the settlement is not approved; the odds of the plaintiff succeeding at trial balanced by the risks of continued litigation; the range of possible recovery

if the case is tried; the opinions of Class Counsel and the class representative; and the degree of opposition to the settlement.

33. The Court recognizes that no Settlement Class member objected to the settlement and no Class Member has opted-out of the settlement or has filed a valid and timely request for exclusion.

34. In light of the same, the settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

**CERTIFICATION OF THE SETTLEMENT CLASSES**

35. The Court hereby finally certifies, for settlement purposes, the Collection Letter Class and the Eviction Fee Class.

36. The Collection Letter Class is defined as "all natural persons who (a) at any point between February 28, 2015 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a letter that threatened Defendants would file a summary ejectment lawsuit, eviction action, or notice to vacate the premises if the person failed to make a complete rental payment and that once the summary ejectment lawsuit was filed, the tenant would be charged Eviction Fees in order to dismiss the eviction action."

37. The Eviction Fee Class is defined as "all natural persons who (a) at any point between February 28, 2015 and June 25, 2018, (b) resided in any of the

properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) actually paid Eviction Fees."

38. Excluded from the Settlement Classes are (1) persons who are employees, directors, officers, and agents of Defendants; (2) persons who timely and properly exclude themselves from the Settlement Classes as provided in this Agreement; (3) anyone who has previously executed a written release of all claims against Defendants related to the collecting or threatening to collect Eviction Fees and would otherwise be a member of the Settlement Classes; and (4) the Court, the Court's immediate family, and Court staff.

39. Based on the record before the Court, the Court hereby finds that the Plaintiff is an adequate representative of the Settlement Classes.

40. In so holding, the Court finds that the have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Classes; the claims of the Class Representative are typical of the claims of the absent Settlement Class members; the Class Representative and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions affecting only individual Settlement Class

members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

41. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes.

42. The Court finally appoints Scott C. Harris and Patrick M. Wallace of Whitfield Bryson LLP, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Law, PLLC, as Class counsel. The Court appoints Yaquelin Medina as Class Representative.

## ATTORNEYS' FEES AND EXPENSES

43. The Settlement also provides that Defendants will not contest Settlement Class Counsel's application to the Court for payment of attorneys' fees, expenses, and costs up to the amount of $614,000.00 from the Settlement Fund. The requested attorneys' fees amounts to approximately 1/3 of the total value of the Settlement. This amount was negotiated only after the substantive terms of the Settlement were agreed upon. The enforceability of the Settlement was not contingent upon this amount being awarded.

44. For the reasons stated in Class Counsel's memorandum in support of request for attorney's fees, Class Counsel have provided sufficient information and evidence to establish the reasonableness of their fees considering the law submitted in briefing.

45. The Court finds further support for the attorney's fees in the joint declaration of Class Counsel, Scott Harris and Ed Maginnis. The declaration indicates the extensive work performed by the parties in seeking to resolve the litigation.

46. Counsel worked comprehensively and expansively for over a two year period on the case and anticipate working more to effectuate the Settlement and assist Settlement Class members in receiving the settlement benefits.

47. Class Counsel also has established that they obtained a highly favorable result for the Settlement Class by providing monetary and non-monetary benefits.

48. Class Counsel provided sufficient information to establish their experience, skill, and ability to successfully conduct complex litigation. The skill and labor required to litigate this action over a year and a half through complicated discovery also favorably weighs in Settlement Class Counsel's favor.

49. After carefully reviewing the foregoing, the Court finds, in its discretion, that $614,000.00 is a reasonable attorney fee.

50. Plaintiff's counsel requested reimbursement of expenses of $3,645.44 are also reasonable under the circumstances and the Court in its discretion awards the full amount of these expenses.

51. Accordingly, the Court grants Class Counsel motion and should be awarded, from the Settlement Fund, $614,000.00 in attorneys' fees plus

reimbursement of expenses of $3,645.44. This amount will be paid in accordance with the parties' Settlement Agreement.

## **SERVICE AWARD**

52. The Settlement Agreement provides that Defendants, subject to Court approval, will pay $2,500.00 for Yaquelin Medina as Class Representative.

53. The Court finds that payment of a service award is appropriate in this case in light of her work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service award.

54. The Court hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

## **CY PRES**

55. In the event that Settlement Class members fail to cash their checks within six (6) months of mailing, as provided in the Settlement Agreement, such that the Settlement Fund has a positive balance, all remaining amounts in the Settlement Fund shall be equally divided and disbursed to the approved *cy pres* recipients: Legal Aid of North Carolina. The Claims Administrator is ordered to provide a report to Class Counsel of all money in the Settlement Fund left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED AS FOLLOWS:**

1. The Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement, and finds that the Settlement, the Settlement Agreement, and the plan of distribution of the Settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the settlement class.

2. Class Counsel is hereby awarded, from the Settlement Fund, attorneys' fees in the amount of $614,000.00 from Defendants to be paid from the Settlement Fund as set forth in the manner described in Settlement Agreement, which amount the Court finds to be fair and reasonable.

3. Class Counsel are also awarded, from the Settlement Fund, a reimbursement of their expenses of $3,645.44 and the Claims Administrator is awarded its expenses for notice and administration pursuant to the Settlement Agreement.

4. The Court also finds to be fair and reasonable service award of $2,500.00 to Yaquelin Medina to be paid from the Settlement Fund.

5. Any amounts unused for the administration of the Settlement will be distributed to the *Cy Pres* recipients.

6. Since no member of the Class has objected or opted out of the Settlement, the Effective Date of the Settlement Agreement is the date of the signing

of this order or May 14, 2021 whichever is later, and the Class Releasors shall release and forever discharge the Released Persons from the Released Claims.

7. By reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter and all claims alleged by Plaintiff are dismissed with prejudice.

8. Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose.

9. Pursuant to the terms of the Settlement Agreement, this action is dismissed with prejudice as against the Class Representative, all members of the Settlement Classes and the Defendants and Released Persons.

10. Plaintiff and the Class Members are permanently barred and enjoined from asserting any and all claims included in the Settlement Agreement's Release in any legal proceeding.

11. The parties shall bear their own costs except as provided by the Settlement Agreement and as ordered herein.

12. It is further adjudged that the Class Representative, on behalf of herself and members of the Settlement Classes, shall be deemed conclusively to have

compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action against Released Persons as provided for in the Settlement Agreement.

13. The Class Administrator shall complete administration of the class by making the payments approved by this Order in accordance with the Settlement Agreement and this Order.

IT IS SO ORDERED this _14_ day of May, 2021.

_____
JAMES C. DEVER III
United States District Judge